IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASPER EARL SANDERS,** | ) | |
| Plaintiff , | ) | Civil Action No. 12-125 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **ERIE COUNTY COURTHOUSE, et al.,** | ) | Magistrate Judge Baxter |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

*Procedural History*

This action will be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e) and the motion for leave to proceed *in forma pauperis* [ECF No. 1] will be dismissed as moot.

On May 29, 2012, Plaintiff filed the instant action. At the time of the filing of the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*, along with his institutional account statement from the Erie County Prison and an affidavit from the Deputy Warden indicating the authenticity of Plaintiff's account statement.

In his *pro se* complaint, Plaintiff names the following Defendants: Erie County Courthouse; Judge Shad Connelly; David Ungerman, Esquire, Public Defender; Elizabeth Hirz,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), Plaintiff has voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF No. 1-2.

1

Esquire, Chief Deputy District Attorney; and Nathaniel Strasser, Esquire, Assistant District Attorney.  Plaintiff alleges that Defendants violated his constitutional rights by keeping him in the Erie County Prison for 229 days for a maximum sentence of 90 days on a parole violation.  Plaintiff seeks monetary relief in the amount of one and one-half million dollars.

### *Standards of Review*

**1)  The Prison Litigation Reform Act**

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs.  Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..."  A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  This Court has discretion to dismiss frivolous or malicious *in forma pauperis* complaints under 28 U.S.C. § 1915(d).  Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that section 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.  In fact, the

2

statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

### 2) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### *Analysis*

Even liberally construing the factual allegations of the complaint, this action will be dismissed as frivolous.

**1) Judicial Immunity - Erie County Courthouse[2] and Judge Shad Connelly**

The actions of the Erie County Court, as well as Judge Shad Connelly, are insulated from liability by judicial immunity. Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial officers, such as Judge Connelly, are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978); Piskanin v. Hammer, 2005 WL 613644 (E.D.Pa., 2005) (applying judicial immunity to "district justice").[3] "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356. See also Benn v. First Judicial District, 426 F.3d 233 (3d Cir. 2005) (applying Eleventh Amendment immunity to courts). See also Seigert v. Gilley, 500 U.S. 226, 231 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); In Re Montgomery County, 215 F.3d 367, 373 (3d Cir. 2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial.").

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman, 435 U.S. at 356. However,

---

[2] This Court liberally construes Defendant Erie County Courthouse as Erie County Court since a building cannot be sued.

[3] Additionally, quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, are also immune from suit. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000) (court administrator entitled to immunity for release of information ordered by a judge); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969) (holding that prothonotary, acting under court direction, was immune from suit). The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992).

judicial immunity may be overcome when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12.

In this case, Plaintiff does not allege that the challenged actions of the Erie County Court or Judge Connelly were taken outside of the judicial capacity and were done without authority.

### 2) Prosecutorial Immunity– Assistant District Attorneys Hirz and Strasser

A prosecuting attorney acting in a quasi-judicial role is relieved from liability for acts "intimately associated with the judicial phase of the criminal process," to include "initiating a prosecution and . . . presenting the State's case." Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) quoting Imbler v. Pachtman, 424 U.S. 409 (1976). Even the "deliberate withholding of exculpatory information is included within the legitimate exercise of prosecutorial discretion." Yarris, 465 F.3d at 137, quoting Imbler, 424 U.S. at 431-32 n. 34. See also Smith v. Holtz, 210 F.3d 186, 199 n. 18 (3d Cir. 2000)(finding that a prosecutor's decision not to disclose exculpatory evidence to defendant's counsel was protected under absolute prosecutorial immunity). Accordingly, Defendants Strasser and Hirz cannot be liable as they are protected by prosecutorial immunity.

Additionally, Defendant Hirz cannot be liable under the theory of *respondeat superior* for the actions taken by the prosecuting district attorney (here, presumably Defendant Strasser) even if that attorney was under Defendant Hirz's supervision. It is well-settled law that *respondeat superior* is not an "appropriate theory" for asserting supervisory liability in a § 1983 civil rights action. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978). In order for an individual defendant to be found liable in a civil rights action, the individual "must have

5

personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." Evancho v. Fisher, 423 F.3d 347 (3d Cir. 2005). Plaintiff would need to allege that Defendant Hirz "[gave] personal direction or [had] actual knowledge [of] and acquiescence" in the alleged constitutional violation. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff has not alleged any facts demonstrating that Defendant Hirz supervised the assigned district attorney or that Defendant Hirz had any personal involvement in the case. Therefore, Defendant Hirz cannot be liable based upon a theory of *respondeat superior*.

### 3) State Actor Requirement – Ungerman[4]

As an initial matter, in order to bring suit under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Private attorneys, including public defenders, acting on behalf of their clients are not state actors, and therefore, cannot be held liable under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1991) (public defender not a state actor "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Jordan v. Fox, Rothschild, O'Brien & Frankel, 787 F.Supp. 471, 475 (E.D. Pa. 1992) (attorneys are not state actors by virtue of status as officers of the court).

Plaintiff's allegations do not support a § 1983 claim against David Ungerman, Esquire.[5]

---

[4] To the extent that Plaintiff may be attempting to set forth either a legal malpractice or an ineffective assistance of counsel claim against David Ungerman, such claims are not proper § 1983 claims. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (petition for writ of habeas corpus proper for ineffective assistance of counsel claim); Shaw v. Stackhouse, 920 F.2d 1135 (3d Cir. 1990) (§ 1983 is designed to address Constitutional deprivations, not torts).

[5] "[P]ublic defenders are not immune from § 1983 liability when they conspire with state officials to deprive their client of federal rights." Figueroa v. Clark, 810 F.Supp. 613, 616 (E.D.

While Plaintiff's allegations regarding his false imprisonment are serious, the individuals named as Defendants to this action are insulated from civil rights liability on such a claim. Consequently, this case will be dismissed as frivolous.

An appropriate Order follows.

---

Pa. 1992); Tower v. Glover, 467 U.S. 914 (1984). Even if Plaintiff's allegations are liberally construed as alleging a conspiracy by the Assistant District Attorneys, the judge, and the Public Defender, his claims fail. As a general matter, § 1983 claims need not be pled with any greater particularity than any other claims (see Fed.R.Civ.P. 8), but conspiracy claims must be pled with sufficient particularity to provide the defendants with fair notice of the claims against them. Loftus v. Southeastern Pa. Transp. Auth., 843 F.Supp. 981, 986 (E.D. Pa. 1994). "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action... The pleadings standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as is the state court judge and prosecutor in the instant case." Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir.), cert. denied, 513 U.S. 832 (1994). As pled, there is nothing in Plaintiff's allegations to factually support a conspiracy claim.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASPER EARL SANDERS,** | ) | |
| Plaintiff , | ) | Civil Action No. 12-125 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **ERIE COUNTY COURTHOUSE, et al.,** | ) | Magistrate Judge Baxter |
| **Defendants.** | ) | |

**O R D E R**

AND NOW, this 31st day of May, 2012;

IT IS HEREBY ORDERED that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e) and the motion for leave to proceed *in forma pauperis* [ECF No. 1] will be dismissed as moot. The Clerk of Court is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge